**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JORGE IVAN PEREZ FLORES,                    Civil Action No. 25-17865 (SDW)

       Petitioner,

    v.                                              OPINION

ERIC ROKOSKY, et al.,

       Respondents.

**IT APPEARING THAT:**

1.      This Court granted Petitioner Jorge Ivan Perez Flores's petition for a writ of habeas corpus on November 24, 2025.  (ECF No. 2).  Respondents were ordered to consider Petitioner as detained pursuant to 8 U.S.C. § 1226(a) and provide him with an individualized bond hearing before an immigration judge.

2.      Petitioner appeared before Immigration Judge Ramin Rastegar on December 1, 2025.  Judge Rastegar concluded that Petitioner was a flight risk and a danger to the community and denied Petitioner bond.  (Bond Hearing Order, ECF No. 4-1).

3.      On December 2, 2025, Petitioner filed a letter on the docket in these proceedings arguing that he did not receive due process during his bond hearing and asked this Court to order his immediate release.  (ECF No. 4).  This Court construes the letter as a motion to enforce the judgment ("Motion").

4.      Respondents filed opposition to the Motion on December 11, 2025.  (ECF No. 10).

5.      This Court lacks jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but it can review whether the bond hearing was

fundamentally unfair in violation of this Court's order.  *See Ghanem v. Warden Essex Cnty. Corr.*

*Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

6.      The parties submitted written materials—Petitioner at ECF No. 4 and Respondents

at ECF No. 7—and appeared before this Court for oral argument on December 17, 2025.

7.      After review of the parties' submissions and consideration of the parties'

arguments, this Court concludes that Petitioner has not shown that his bond hearing was

fundamentally unfair.

8.      In a fundamentally fair bond hearing, due process has three essential elements.  The

noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and

disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3)

has the right to an individualized determination of his interests."  *Ghanem*, 2022 WL 574624, at

*2.

9.      Petitioner submitted documents to the immigration court, including among other

documents, tax returns, educational records, family medical history (including the birth certificate

of his U.S. citizen daughter), a 2009 traffic ticket, a Form I-213 indicating that Petitioner was

encountered at the border in 2005 and voluntarily returned to Mexico, his New Jersey driver's

license, his Maryland Learner's Permit, and various letters of support.  (*See* Bond Evidence Packet,

ECF No. 4-2).

10.     Judge Rastegar reviewed the submissions during the bond hearing and questioned

Petitioner about them.  (See generally Bond Hearing Transcript, ECF No. 11-1).  Petitioner was

represented by counsel, who made arguments on Petitioner's behalf.  (*See generally* Transcript).

11.     Petitioner argues Judge Rastegar misinterpreted his submissions, erroneously found

Petitioner to be not credible, and did not adequately support his conclusion that Petitioner was a

danger to the community.  (ECF No. 4).  These are challenges to discretionary determinations that are beyond this Court's review.  8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

12.     Petitioner further argues that Judge Rastegar did not provide an individualized hearing because "he is simply doing what he needs to do to keep his job."  (ECF No. 4 at 2). According to Petitioner, "Immigration Judges are on notice that if they stray too far, they will be fired.  The Department of Justice is actively recruiting new immigration judges and calling them 'Deportation Judges.'"  (*Id.*)  However, he provides nothing other than speculation that Judge Rastegar's decision was influenced by the Department of Justice or was motivated out of fear of losing his position.

13.     This Court does not express any opinion on whether Judge Rastegar came to the correct conclusion, but the record compels a finding that Petitioner received an individualized bond hearing as ordered by this Court.  Any challenge to the decision must be presented to the Board of Immigration Appeals.

14.     An appropriate order follows.


_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: December 18, 2025